**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WESLEASE 2018 OPERATING LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01013-O |
| | § | |
| **LINDA BEHAN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court are the Motion to Set Aside Clerk's Entry of Default filed by Defendants Dale Behan, Linda Behan, Lindale Pipeline, LLC, and River North Farms, LLC ("Defendants") (ECF No. 18), Response filed by Plaintiff Weslease 2018 Operating LP ("Weslease") (ECF No. 25), Defendants' Reply to the Motion (ECF No. 28), and Defendants' Supplemental Motion to Set Aside Clerk's Entry of Default (ECF No. 42). After considering the pleadings and applicable legal authorities, the undersigned **RECCOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and vacate the clerk's entry of default.

**I.   BACKGROUND**

Weslease previously sued Dale and Linda Behan (the "Behans") and Lindale Pipeline, LLC ("Lindale") in this Court and in the United Stated District Court for the District of North Dakota. ECF No. 1 at 4. Between the two cases, Weslease obtained a judgment of approximately $1 million against the Behans individually and $9 million against the Behans and Lindale jointly and severally. *Id.*; Order Adopting Stipulation for Entry of Judgment, ECF No. 73 at 1, 1:19-cv-00157-DLH-CRH (D.N.D. 2021).

During the previous litigation, Weslease discovered that the Behans, allegedly, owned and operated another entity known as River North Farms, LLC ("River North"). *Id*. at 5. River North owned approximately ninety-two acres located in or near Fort Worth, Texas. *Id*. Before the conclusion of the previous litigation, River North transferred approximately thirty-eight acres of the property to Defendants Richard and Marla Robinson ("Robinsons") for $1 million. *Id*. Weslease argues that the Behans should turn over River North's assets in partial satisfaction of its judgment against the Behans and Lindale. *Id*. Additionally, Weslease argues that River North fraudulently transferred the property to the Robinsons with the actual intent to hinder, delay, and defraud Weslease and its ability to collect its judgment against the Behans. *Id*.

Weslease sought relief from this Court on November 14, 2022, asserting claim to River North's assets and alleging fraudulent transfer of the thirty-eight acres. ECF No. 1. On December 19, 2022, the summons directed to Defendants was returned executed. ECF Nos. 5-9. When Defendants did not respond to the summons within thirty days, Weslease requested for the Clerk to enter default against them (ECF Nos. 13-16), which the Clerk entered on January 11, 2023 (EFC No. 17). On January 19, 2023, the Defendants filed the pending Motion and filed the Supplement to the Motion on April 14, 2023. ECF Nos. 18, 41.

## II.   LEGAL STANDARD

Under Federal Rules of Civil Procedure 55(c), a district court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). The Fifth Circuit has established three factors to consider in deciding a motion to vacate a default decree: whether (1) "the default was willful," (2) "setting it aside would prejudice the adversary," and (3) "a meritorious defense is presented." *United States* v. *One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). "Of these factors, two can be determinative: a district

court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott v. Carpanzano*, 556 F. App'x 288, 293-94 (5th Cir. 2014).

In determining whether to vacate an entry of default, "federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law." *Lacy*, 227 F.3d at 292 (citation and internal quotation marks omitted). "Unless it appears that no injustice results from the default, relief should be granted." *In re OCA, Inc.*, 551 F.3d 359, 370-71 (5th Cir. 2008). The Federal Rules of Civil Procedure disfavor default judgments and are "resorted to by courts only in extreme situations." *Lindsey v. Prive Corp.*, 161 F.3d. 886, 893 (5th Cir. 1998) (quoting *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). The court of appeals reviews denial of such relief only for abuse of discretion. *Lacy*, 227 F.3d at 292. It reviews any factual determinations underlying the decision for clear error. *Id*.

### III.  ANALYSIS

#### A.  The Behans did not intentionally fail to respond to the pleadings.

"A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.*" In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy*, 227 F.3d at 291-92). When a defendant's neglect is "at least a partial cause of its failure to respond," the defendant has the "burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *Id*. (citing *Rogers*, 167 F.3d at 939; *In re OCA*, 551 F.3d at 372). Thus, the Court's inquiry focuses on whether Defendants willfully failed to respond to the Complaint within the proper time. *Id*.

Weslease served the Behans with process individually and on behalf of River North and Lindale. ECF Nos. 13-16. They contend that they did not timely respond to the Complaint because they forgot, not through willful intent not to respond. ECF No. 18 at 4. According to the Behans, upon returning home from a funeral in Louisiana, they found a notice from the process server, and Dale Behan set up a meeting with him the next day to receive the summons for all of the Defendants, including Linda. *Id*. However, the Behans assert that they were occupied with their grandchildren and friends and forgot about the summons until the clerk's entry of default. *Id*. Weslease argues that the Behans willfully defaulted as they actively engaged in post-judgment discovery with Weslease arising from their prior cases during the same period, and the Behans' counsel knew about the present case. ECF No. 25 at 4-5.

It is puzzling that the Behans could simply forget about a new federal civil action being filed against them, especially after the entry of very large judgments against them and Lindale Pipeline, LLC, because friends and family distracted them. However, while the Behans may have been negligent in forgetting to answer the complaint, the pleadings do not establish that their failure to respond was a result of intentional, willful conduct and not merely a mistake. *See AAR Supply Chain Inc. v. N & P Enterprises, LLC*, No. 3:16-cv-2973-L, 2017 WL 5626356, *2 (N.D. Tex. 2017) (holding that a mistake is enough to support a finding of good cause). Additionally, since the entry of default, the Behans have actively and diligently sought to participate in all aspects of the litigation. ECF Nos. 29-35. Thus, given the Fifth Circuit's preference for judgments on the merits rather than on defaults, the undersigned finds that Weslease has not shown the Defendants willfully failed to respond to the summonses and complaint in this case.

### B. Weslease would not be prejudiced if the Court vacated the entry of default.

The second factor that a Court must evaluate in deciding the Motion is whether setting aside the default would prejudice the Weslease. *One Parcel*, 763 F.2d at 183. "[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. Additionally, "expected difficulties [the plaintiff] may face if forced to proceed with further litigation" and "requiring a plaintiff to prove his case does not constitute prejudice." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). "Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293.

The Behans assert that granting the Motion will not prejudice Weslease because when the Motion was filed, the summons issued to Defendant Amarillo National Bank ("ANB") had not been returned, and the answer of the Defendants Robinson was not due for another week. ECF No. 18 at 3. Since filing of the Motion, the other named defendants have filed their respective answers and responsive motions. ECF Nos. 20, 24. Weslease does not argue that vacating the default would prejudice it and has not shown that a delay would cause lost evidence, more difficult discovery, or a greater likelihood of fraud and collusion. Thus, Weslease has not met its burden of showing prejudice resulting from an order vacating the entry of default.

### C. Defendants Have Asserted a Meritorious Defense.

A district court can aside a default judgment if the defendant "fails to present a meritorious defense sufficient to support a finding on the merits" in its favor. *Lacy*, 227 F.3d at 293. This generally requires that the defendant provide "definite factual allegations, as opposed to mere legal conclusions, in support of [their] defense." *Jenkens*, 542 F.3d at 122. "A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which proven at trial, would constitute

5

a complete defense." *Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cookin LLC*, No. 3:19-cv-1633-S, 2019 WL 5790112, at *2 (N.D. Tex. 2019); *see also AAR Supply Chain Inc. v. N & P Enterprises, LLC*, No. 3:16-cv-2973-L, 2017 WL 5626356, at *2 (N.D. Tex. 2017); *see also THD Partners, LLC v. JAG Res., Inc.*, No. A-16-CV-849-LY, 2018 WL 3000546, at *3 (W.D. Tex. 2018), *rec. adopted*, 2018 WL 4343428 (W.D. Tex. 2018).

Weslease asserts two claims against the defaulting defendants. ECF No. 25 at 5. According to Weslease, "the Defaulting Defendants should turnover roughly 54 acres of real property in partial satisfaction of roughly $9 million total judgment debts to Weslease." *Id*. Additionally, Weslease argues that "the Defaulting Defendants had the requisite mental state to commit fraudulent transfer of roughly 38 acres of real property to the [Robinsons]." *Id*.

### 1. The Defendants have presented a meritorious defense regarding turnover of the fifty-four acres of real property in River North's possession.

While River North was not a defendant in any of the original cases, Weslease attempts to reach the company's fifty-four acres using Texas Civil Practice Remedies Code § 31.002, also known as the Texas Turnover Statute. ECF No. 1 at 9. Weslease argues that because "100% of River North's ownership are judgment debtors to Weslease," the River North assets are subject to turnover to satisfy the joint and several judgments against the Behans and Lindale. ECF No. 25 at 6. Moreover, Weslease claims that any prior security interest in the property by ANB does not affect this analysis because ANB has released all of its security interests. *Id*. However, Weslease states that even if ANB had a security interest in the property, turnover is still appropriate so that all parties claiming a security interest in the property can address and resolve their competing interests. *Id*. at 6-7.

6

For Weslease to claim a right to the property owned by River North, it would have to successfully show that it is entitled to the asset under the turnover statute. ECF No. 1 at 9. The turnover statue is a "procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process." *Resol. Tr. Corp. v. Smith*, 53 F.3d 72, 77 (5th Cir. 1995) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex.1991)). Courts will usually conduct a turnover proceeding to "ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control." *Beaumont Bank*, 806 S.W.2d at 227. Moreover, through the statute, a court may use an "injunction or other means in order to reach property to obtain satisfaction of a judgment, including present or future rights to property." *Smith*, 53 F.3d at 77 (quoting *First City Nat'l Bank v. Phelan*, 718 S.W.2d 402, 405 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.)). "The turnover statute is purely procedural in nature; the statute does not provide for the determination of the substantive rights of the parties.'" *Id.* (quoting *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 439 (Tex. App.—San Antonio 1994, no writ)).

At this stage in the proceeding, the Defendants can argue that Weslease is not entitled to River North's remaining fifty-four acres. ECF No. 18 at 3-4. The Court has not found that River North is an asset in the possession or control of the Behans or issued an injunction or other order to allow Weslease to reach the company's assets in order to satisfy the joint and several judgment against the Behans and Lindale. *See generally* ECF Nos. 1-42. Moreover, the Court should refrain from making such a determination based solely on a Texas Franchise Tax Public Information Report listing Dale Behan as the president and treasurer of River North and Linda Behan as its secretary. ECF No. 25-2 at 1. Thus, considering Weslease's allegations under the "lenient standard" applied at this juncture, the Defendants have raised a meritorious defense to Weslease's

claims to the fifty-four acres in partial satisfaction of their joint and several judgment against the Behans and Lindale. *Thibodeaux's*, 2019 WL 5790112 at *2.

> **2.  The Defendants have raised a meritorious defense regarding the alleged fraudulent transfer of the thirty-eight acres to the Robinsons.**

The Texas legislature enacted the Texas Uniform Fraudulent Transfer Act "to protect creditors against depletion of the debtor's estate" and "allows creditors to void fraudulent transfers made by a debtor and force the transferee to return the transferred property to the debtor's estate." *Janvey v. Golf Channel*, 792 F.3d 539, 543 (5th Cir. 2015). A transfer is fraudulent if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Tex. Bus. & Com. § 24.005(a)(1) (West 2023). A transfer is also fraudulent if the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer or obligation," and the debtor either "engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or "intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." *Id.* at § 24.005(a)(2).

The Defendants claim that the Behans transferred the thirty-eight acres to the Robinsons merely as a way to reduce a prior debt that they owed to ANB. ECF Nos. 18 at 3, 28 at 5. If true, this could provide a defense to Weslease's claim that the Behans through River North sold the property to hinder, delay, and defraud Weslease and its ability to collect the Behans' multi-million-dollar judgment. Thus, because the Behans' assertion could establish a defense for the defaulting defendants at trial, and once again considering these allegations under the "lenient standard" applied at this phase of the litigation, the Defendants have raised a meritorious defense against Weslease's fraudulent transfer claims. *Thibodeaux's*, 2019 WL 5790112 at *2.

## IV.     CONCLUSION

Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292. A Court should resort to a default only in extreme situations. *Lindsey*, F.3d. at 893; *Rogers*, 167 F.3d at 936. In this case, the Behans have established that their failure to appear was unintentional, that proceeding in the case would not prejudice the plaintiffs, and that there is a meritorious defense to Weslease's cause of action. Under applicable legal authorities, they are entitled to relief from the Clerk's entry of default. Accordingly, the undersigned recommends that Judge O'Connor **GRANT** the Defendants' Motion to Set Aside Clerk's Entry of Default (ECF No. 18).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 17, 2023.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE