UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WESLEASE 2018 OPERATING LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-01013-O** |
| | § | |
| **LINDA BEHAN,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Plaintiff's Partial Motion for Summary Judgment (ECF No. 58), filed October 27, 2023; Defendants' Expedited Motion to Quash Plaintiff's Untimely Discovery and to Strike Plaintiff's Motion for Partial Summary Judgment (ECF No. 59), filed November 1, 2023; Plaintiff's Response in Opposition to the Expedited Motion (ECF No. 61), filed November 3, 2023; and Defendants' Reply in Support of the Expedited Motion (ECF No. 62), filed November 3, 2023. For the reasons set forth herein, the Court **GRANTS** the Expedited Motion (ECF No. 59).

### I.        BACKGROUND

On February 23, 2023, the Court issued a Scheduling Order in this case, providing critical deadlines of September 11, 2023 for "Dispositive Motions" and August 11, 2023 for "Completion of Discovery." *See* Scheduling Order ¶¶ 3, 6, ECF No. 36. The Court's Scheduling Order further provided that these deadlines control the disposition of the case unless modified "upon a showing of good cause and by leave of court." *Id.* at ¶ 12 (citing FED. R. CIV. P. 16(b)(4)). The Dispositive Motions and Completion of Discovery deadlines have remained unmodified throughout the course of the litigation, including at this immediate time.

Notwithstanding the above, Plaintiff has proceeded to: (A) file a partial motion for

summary judgment on October 27, 2023—approximately one-and-one-half months after the deadline for Dispositive Motions; and (B) serve a subpoena *duces tecum* and deposition on written questions on a non-party to the case on October 20, 2023—over three months after the deadline for Completion of Discovery. *See* Pl.'s Mot. Summ. J., ECF No. 58; Defs.' Appx. Ex. A, ECF No. 59-1. The docket indicates that the Court neither granted leave nor had been moved to grant leave at the time Plaintiff filed and served these documents beyond their prescribed deadlines.

As for the remaining outlook of this case, pretrial deadlines commence in just two weeks on November 29, 2023, while a bench trial is slated to begin on January 8, 2024. *See* Scheduling Order ¶¶ 1, 7, ECF No. 36.

## II.    LEGAL STANDARD

A federal district court "has broad discretion in controlling its own docket," especially as it relates to scheduling order deadlines and the timeliness of filings. *Edwards v. Cass Cty.*, 919 F.2d 273, 275 (5th Cir. 1990). This is rooted in the inherent power of a trial court to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (cleaned up).

To that end, Rule 16 of the Federal Rules of Civil Procedure vests in a federal district court the authority to regulate and expedite pretrial motions and discovery proceedings via scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990); FED. R. CIV. P. 16(b). Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause *and* by leave of the district judge." *Id.* (emphasis added). A district court has the complete authority to reject a "good cause" finding for modifications or transgressions of scheduling order deadlines unless it is "'show[n] that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama,*

*NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

In aid of this authority, the Fifth Circuit affords district courts "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979). Given the substantial docket sizes and lifespans of many cases, district courts must be able to exercise ample discretion and authority in this sphere "to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (internal citation omitted).

## III.    ANALYSIS

The Court holds that (A) the motion for partial summary judgment should be stricken; and (B) the third-party subpoena should be quashed.

### A.  Partial Summary Judgment Motion

Upon review of the docket, there can be no doubt that Plaintiff and Defendants each declined to file a motion for summary judgment *on or before* the Dispositive Motions deadline prescribed in the Scheduling Order. And neither party disputes that Plaintiff's motion for partial summary judgment was filed one-and-a-half months *after* the controlling deadline decreed by the Court. Moreover, the parties do not dispute—and a review of the docket confirms—that Plaintiff *neither* requested *nor* received the Court's leave to file the motion after the applicable deadline or the Court's grant of an extension of the applicable deadline. Neither does Plaintiff proffer any excuse or explanation bearing on a single legitimate reason—nevermind "good cause"—for why its partial summary judgment motion was filed one-and-one-half months beyond the window of compliance with the Court's pretrial order.

*A fortiori*, Defendants will likely be substantially prejudiced by the adjudication of

Plaintiff's partial summary judgment motion. To reiterate, the Court's binding Scheduling Order has set this case to proceed in a multi-day bench trial on January 8, 2024, with mandatory pretrial deadlines starting on November 29, 2023. After neglecting to even confer with Defendants' counsel, Plaintiff filed its partial summary judgment motion no more than a mere *month* before the parties are due to comply with the decreed pretrial deadlines. This effectively means that Plaintiff's already-untimely motion will not even reach the conclusion of briefing by the time pretrial disclosures become due or be resolved by the Court by the time trial begins, anyway.

Thus, even assuming *arguendo* there is any merit to Plaintiff's partial summary judgment motion, it neither resolves the action nor expedites preparation for trial. Worse than that, the adjudication of Plaintiff's motion would only serve to exacerbate the burden of trial preparation on all parties as well as the Court itself. Defendants would have to muster a fully briefed response during the tight two-week window between now and the first pretrial deadlines. Moreover, the Court deliberately structures its scheduling orders with the binding expectation that parties file dispositive motions multiple months ahead of the slated trial date so as to carve out enough time for the Court to resolve, narrow, and prepare the issues that are to be tried before it.

In light of the aforesaid, the Court finds that Plaintiff's partial summary judgment motion should be **STRICKEN without prejudice** to either party's right to seek such appropriate relief at trial or in a post-trial posture.

### B. Third-Party Subpoena

So too is there undisputed evidence that Plaintiff served a subpoena *duces tecum* and deposition on written questions on a non-party over three months *after* the controlling deadline decreed by the Court. And once again, neither party disputes—and a review of the docket confirms—that Plaintiff *neither* requested *nor* received the Court's leave to serve the third-party

discovery after the applicable deadline or the Court's grant of an extension of the applicable deadline. Neither does Plaintiff proffer any excuse or explanation bearing on a single legitimate reason—nevermind "good cause"—for why its discovery requests were served three months beyond the window of compliance with the Court's pretrial order.

Even assuming *arguendo* that the third-party discovery sought in Plaintiff's subpoena was probative to this case, it would most likely be inadmissible at trial for its untimeliness, anyway. *See Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 388-89 (E.D. La. 2008). Furthermore, Plaintiff neglected to even serve Plaintiffs' counsel with notice and a copy of the subpoena *duces tecum* before serving it on the third-party. This falls short of the standards for discovery practice demanded by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 45(a)(4). Thus, even assuming the timeliness and admissibility of Plaintiff's third-party subpoena, it would nonetheless have to be quashed on this basis as well.

Based on the foregoing, the Court finds that Plaintiff's untimely third-party discovery in the form of a subpoena *duces tecum* and deposition on written questions should be **QUASHED with prejudice** in its entirety.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Expedited Motion to Quash Plaintiff's Untimely Discovery and to Strike Plaintiff's Motion for Partial Summary Judgment (ECF No. 59) should be and is hereby **GRANTED**. It is further **ORDERED** that any and all discovery arising out of Plaintiff's service or attempted service of a discovery request on a non-party following the August 11, 2023 deadline be **QUASHED**; and that the Clerk of Court **STRIKE** Plaintiff's Partial Motion for Summary Judgment (ECF No. 58).

**SO ORDERED** on this **15th day** of **November, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**